**THE LEADER LAW FIRM**
405 W. Cool Dr., Ste 107
Tucson, AZ  85704
Phone (520) 575-9040
Fax (520) 575-9340
**John P. Leader, Esq.**
SBN 012511 / PCN 64791

Richard M. Gulbrandsen, Jr., Esq. #026256
Richard M. Gulbrandsen, Esq. #007188
**SKOUSEN, GULBRANDSEN & PATIENCE, PLC**
414 East Southern Avenue
Mesa, AZ   85204-4922
Telephone 480-833-8800
Facsimile 480-833-7146
attorney@sgplaw.com

*Attorneys for the Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Long, the surviving biological mother of Danielle Breed, in her own right and as statutory plaintiff on behalf of all other claimants, | No. |
| Plaintiff, | COMPLAINT (Wrongful death, Compensatory and Punitive Damages) |
| v. | |
| The Estate of Charles Wallis Haeger, Oakland County (Michigan) cause number 2020-0000396732-DE | (Assigned to the Hon.:          ) |
| Defendant. | |

COMES NOW, the Plaintiff, by and through counsel undersigned, and for her complaint against the Defendant, states, alleges and complains as follows:

1. Plaintiff Jane Long resides in the District of Arizona and is a citizen of

the State of Arizona.

2. Long is the biological and surviving mother of Danielle Breed.

3. Danielle Breed, who is deceased, also resided in the District of Arizona and was a citizen of the State of Arizona.

4. Charles Haeger was, upon information and belief, a resident of the State of Michigan.

5. On or about October 2, 2020, Haeger shot and killed Danielle Breed in the District of Arizona.

6. Haeger then died, in the District of Arizona, on or about October 3, 2020, of a self-inflicted gunshot wound.

7. Following Haeger's death, his estate was created in the State of Michigan under Michigan law, in the Probate Court of Oakland County, cause number 2020-0000396732-DE, Kelly Okopny, Personal Representative.

8. Haeger's estate is liable for the full amount of any liabilities created by Charles Wallis Haeger during his lifetime, including wrongful death liability to Plaintiff, as alleged in this action.

9. In the months leading up to October 2-3, 2020, Haeger had a romantic relationship with Danielle Breed and was, on numerous occasions, physically present with her in the District of Arizona.

10. On or about October 2, 2020, Haeger was in the District of Arizona.

11. Haeger had substantial and continuous ties to the State of Arizona, such that personal jurisdiction over his estate is appropriate in this Court.

12. On or about October 2, 2020, Haeger shot and killed Danielle Breed.

13. The complete facts and circumstances of the shooting are not yet known, as the Scottsdale Police Department has not completed its investigation or released its final report.

14. Upon information and belief, Haeger may have suffered from psychiatric problems that contributed to Breed's death.

15. Upon information and belief, Haeger may have been intoxicated, which may have contributed to Breed's death.

16. Haeger was a former major league baseball player, having pitched from 2006-2010 for several major league teams, including the Chicago White Sox, San Diego Padres and Los Angeles Dodgers.

17. Haeger thereafter was a minor league pitching coordinator for the Tampa Bay Rays, and, earlier this year, was named pitching coach for the Chicago Cubs' Double-A team in Tennessee.

18. This court is vested with jurisdiction under 28 U.S.C. §1331 because of diversity of citizenship and because the value of the claim is more than $75,000.00.

19. Under applicable choice of law provisions, Arizona substantive law applies.

20. Jane Long, as Danielle Breed's surviving biological mother, brings this action pursuant to sections 12-611 and 12-612(A) – (E) of the Arizona

Revised Statutes, that is, the Arizona Wrongful Death Act, and requests a trial by jury on all triable issues.

## COUNT ONE
(Wrongful Death)

21. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

22. Plaintiff Jane Long is the surviving parent of decedent Danielle Breed under A.R.S. §12-612(A) and brings this action as statutory plaintiff under A.R.S. §12-612(A) and (B).

23. On or about October 2, 2020, Charles Wallis Haeger caused the death of Plaintiff's decedent, Danielle Breed, by wrongful act, such that Haeger and his estate are liable to Plaintiff for wrongful death damages under Arizona law.

24. Haeger's estate is liable to Plaintiff for the full amount of her wrongful death damages pursuant to A.R.S. §12-613, including but not limited to damages based on the aggravating circumstances attending Haeger's wrongful act.

25. Plaintiff and all statutory beneficiaries have sustained past, present, future and personal injuries and damages, including pain, suffering, extreme emotional distress, great mental suffering, loss of enjoyment of life, and loss of consortium, and Plaintiffs will continue to sustain such losses permanently.

## COUNT TWO
(Gross Negligence)

26. Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

27. As set forth more fully above, the full and complete facts and circumstances surrounding Charles Haeger's shooting of Danielle Breed are not yet known.

28. Charles Haeger owed a duty of due care to Danielle Breed and to avoid injury to her and not expose her to undue risks of bodily harm.

29. A person is grossly negligent under Arizona law if he or she acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result. *Walls v. Arizona Dept. of Public Safety*, 170 Ariz. 591, 826 P.2d 1217 (Ariz. App., 1991), citing *Nichols v. Baker*, 101 Ariz. 151, 153, 416 P.2d 584, 586 (1966).

30. On or about April 26, 2017, Charles Wallis Haeger shot Danielle Breed, causing her death, knowing or with reason to know of facts which would lead a reasonable person to realize that his conduct not only created an unreasonable risk of bodily harm to others but also involved a high probability that substantial harm will result.

31. Charles Wallis Haeger breached the due care duties owed to Plaintiff's decedent, Danielle Breed, and acted in a grossly negligent and reckless manner, causing Breed's death.

32. As a direct and proximate result of Haeger's conduct, Plaintiff suffered past, present, future and personal injuries and damages, including pain, suffering, extreme emotional distress, great mental suffering, loss of enjoyment of life, and loss of consortium, and Plaintiffs will continue to sustain such losses permanently.

## COUNT THREE
(Punitive Damages)

33. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34. Under Arizona law, claims for punitive damages survive the death of a tortfeasor and may be pursued against his or her estate, in this case, the estate of Charles Wallis Haeger. *Haralson v. Fisher Surveying, Inc.*, 31 P3d 114, 115-119, 201 Ariz. 1 (Ariz., 2001).

35. Exemplary or punitive damages are those damages awarded in excess of full compensation to the victim in order to punish the wrongdoer and to deter others from emulating his conduct. *Linthicum v. Nationwide Life Ins. Co.*, 150 Ariz. 326, 723 P.2d 675 (Ariz., 1986), citing *Cassel v. Schacht*, 140 Ariz. 495, 496, 683 P.2d 294, 295 (1984); Prosser & Keeton, The Law of Torts § 2 at 9 (5th ed. 1984); Dobbs, Handbook on

the Law of Remedies §3.9 at 204 (1973); Restatement (Second) of Torts § 908. *Rawlings v. Apodaca*, 151 Ariz. 149, 726 P.2d 565 (Ariz., 1986).

36. Under Arizona law, a person acts with the necessary "evil mind," subjecting him to punitive damages, when he or she is consciously aware of the wrongfulness or harmfulness of his/her conduct yet continues to act, in deliberate contravention to the rights of others. *Linthicum*, 150 Ariz. at 331, 723 P.2d at 680, *Rawlings*, 151 Ariz. at 162, 726 P.2d at 578.

37. Charles Haeger engaged in conduct that was, at a minimum, conscious and deliberate conduct, knowing or having reason to know that it subjected others, including Danielle Breed, to a substantial risk of significant harm.

38. Imposition of punitive damages is appropriate and necessary to punish the wrongdoer and to deter others from emulating his conduct.

**WHEREFORE**, Plaintiff respectfully requests that this Court grant judgment in her favor and against the Defendant, as follows:

    a. For compensatory wrongful death damages in an amount to reasonably and fairly compensate Plaintiff Jane Long for all wrongful death damages;

    b. For punitive or exemplary damages, as may be appropriate;

    g. For costs of suit expended and accruing herein; and

  h. For such other relief as the Court may deem appropriate.

DATED this 17th day of November, 2020

    **THE LEADER LAW FIRM**
    **SKOUSEN, GULBRANDSEN & PATIENCE, PLC**

    /s/   John P. Leader
    John P. Leader, Esq.