**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Long, | No. CV-20-02211-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Estate of Charles Walis Haeger, Oakland County (Michigan) cause number 2020-0000396732-DE, | |
| Defendant. | |

On November 17, 2020, Plaintiff Jane Long filed this action, naming as the sole Defendant "The Estate of Charles Wallis Haeger, Oakland County (Michigan) cause number 2020-0000396732-DE." (Doc. 1 at 1.) The facts alleged are tragic. According to the complaint, Charles Haeger shot and killed Plaintiff's daughter, Danielle Breed, with whom he had a romantic relationship, and then shot and killed himself. (*Id.* ¶¶ 2-6.) After Mr. Haeger's death, his estate was created in the State of Michigan. (*Id.* ¶ 7.) Kelly Okopny is the personal representative of the estate. (*Id.*)

Plaintiff brings three claims, each of which arises under Arizona law (*id.* ¶¶ 21-38), and asserts that this Court "is vested with jurisdiction under 28 U.S.C. §1331 because of diversity of citizenship and because the value of the claim is more than $75,000.00" (*id.* ¶ 18).

Under Arizona law, "[a]n estate is a collection of the decedent's assets and liabilities. As such, it has no capacity to bring or defend a lawsuit. Simply put, an estate

cannot 'act.' Rather, it can only sue and be sued through its personal representative, who 'acts' on behalf of the estate." *Ader v. Estate of Felger*, 375 P.3d 97, 104 (Ariz. Ct. App. 2016). Thus, it appears that the proper defendant in this action should be Kelly Okopny, who should be sued in his or her capacity as the representative of Mr. Haeger's estate. *See Norwood v. Ariz. Dep't of Child Safety,* 2020 WL 4003263, *2 n.1 (D. Ariz. 2020).

Plaintiff is directed to file an amended complaint naming the proper defendant to this action.[1] Because this Court's subject-matter jurisdiction rests on the diversity of the parties, the amended complaint must allege the personal representative's citizenship (state of domicile) for diversity purposes. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). The personal representative's citizenship can be pled on information and belief. *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (allowing plaintiff to plead jurisdictional allegations on information and belief "where the facts supporting jurisdiction [were] not reasonably ascertainable by the plaintiff").

Accordingly,

**IT IS ORDERED** that by **December 9, 2020**, Plaintiff shall file an amended complaint in accordance with this order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file her amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for failure to name a cognizable defendant.

**IT IS FURTHER ORDERED** that after Plaintiff files her amended complaint, the Clerk of Court shall change the caption of this case to reflect the proper defendant.

Dated this 19th day of November, 2020.

Dominic W. Lanza
United States District Judge

---

[1] This amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course, if she chooses to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).