**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Long, | No. CV-20-02211-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Keli J. Okopny, as Personal Representative of the Estate of Charles Walis Haeger, | |
| Defendant. | |

Pursuant to the Court's November 19, 2020 order (Doc. 5), Plaintiff filed a First Amended Complaint ("FAC"), properly naming Keli J. Okopny, as Personal Representative of the Estate of Charles Walis Haeger, as the Defendant in this action (Doc. 6) and a notice of filing amended pleading pursuant to LRCiv 15.1(b) which includes a redlined draft (Doc. 7). The redlined draft, however, is a printed version of the filing at Doc. 6, and the notice of filing indicates that Plaintiff will file a "clean" copy "[o]n request of Court." (Doc. 7 at 1.) In fact, a "clean" copy is required as the operative complaint, although perhaps the local rules do not clearly state as much. Only the draft attached to the notice of filing should be redlined.

Moreover, Plaintiff must file a second amended complaint alleging Keli Okopny's state of *citizenship*. As to individual natural persons, an allegation about an individual's residence does not establish his or her citizenship for purposes of establishing diversity jurisdiction. "It has long been settled that residence and citizenship [are] wholly different

things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the . . . courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction." *Steigleder v. McQuesten,* 198 U.S. 141, 143 (1905). "To be a citizen of a state, a natural person must first be a citizen of the United States. The natural person's state citizenship is then determined by her state of domicile, not her state of residence. A person's domicile is her *permanent* home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858-59 (9th Cir. 2001) (citations omitted). Defendant's citizenship can be pled on information and belief. *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014) (allowing plaintiff to plead jurisdictional allegations on information and belief "where the facts supporting jurisdiction [were] not reasonably ascertainable by the plaintiff").

Plaintiff must again amend the complaint to correct these deficiencies.[1] *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings.").

Accordingly,

**IT IS ORDERED** that by **December 17, 2020**, Plaintiff shall file an amended complaint in accordance with this order.

**IT IS FURTHER ORDERED** that if Plaintiff fails to timely file her amended complaint, the Clerk of the Court shall dismiss this case, without prejudice, for lack of subject-matter jurisdiction.

…

…

…

…

---

[1] Again, this amended complaint pursuant to court order will not affect Plaintiff's right under Rule 15(a)(1) to later amend once as a matter of course, if she chooses to do so. *See, e.g.*, *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1006-09 (9th Cir. 2015).

1 **IT IS FURTHER ORDERED** that the Clerk of Court shall amend the caption of this case to reflect that Keli J. Okopny, as Personal Representative of the Estate of Charles Walis Haeger, is the Defendant in this action.

Dated this 3rd day of December, 2020.

_____
Dominic W. Lanza
United States District Judge