**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jane Long, | No. CV-20-02211-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Keli J. Okopny, as personal representative of Estate of Charles Walis Haeger, Oakland County (Michigan) cause number 2020-0000396732-DE, et al., | |
| Defendant. | |

    Plaintiff filed a one-page motion for default judgment that merely states that "the amount is not for a sum certain and a hearing is requested to determine damages and costs." (Doc. 17.) Attached to the motion is a short, bare bones affidavit in support of the motion (Doc. 17-1) and a certificate of service (Doc. 17-2). Also pending is a motion for hearing (Doc. 18), which appears to be identical to the motion for default judgment.

    Pursuant to the Court's Preliminary Order, "[e]very motion or stipulation, however mundane, must cite the rule(s) and/or law(s) that permit the Court to grant the requested relief. (Doc. 11 at 3.) *See also* LRCiv 7.2(b) (the moving party must "set[] forth the points and authorities relied upon in support of the motion"). Moreover, to prevail on a motion, the moving party must apply the law to the facts of the case. A motion for default judgment—far from being a mundane procedural motion (such as a motion to extend a deadline)—is a case-dispositive motion which requires the Court to undertake an

in-depth analysis. *See, e.g.*, *Rosen v. Fasttrak Foods LLC*, 2021 WL 2981590 (D. Ariz. 2021); *Trident Inv. Partners Inc. v. Evans*, 2021 WL 75826 (D. Ariz. 2021). The "decision whether to enter a default judgment is a discretionary one," *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980), and the Court considers various factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether the default was due to excusable neglect, and (7) the policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Thus, motions for default judgment—at least the successful ones—are typically fully developed, such that the Court has, from the papers, all that is necessary to grant or deny relief, with or without a hearing. 2 Gensler, Federal Rules of Civil Procedure: Rules and Commentary, Rule 55, at 119 (2018) ("A live evidentiary hearing [on damages] is not always required. Rather, the hearing requirement can be satisfied by the submission of affidavits or other proper documentary evidence if doing so will create a record sufficient for the court to decide the matters before it."). *See also Ullico Cas. Co. v. Abba Shipping Lines, Inc.*, 891 F.Supp.2d 4, 7 (D.D.C. 2012) ("While the entry of default establishes the Defendant's liability, the Court is required to make an independent determination of the amount of damages to be awarded, unless the amount of damages is certain. In instances where the amount of damages is not certain, the court may hold a hearing, but is not required to do so as long as there is a basis for determining damages for purposes of the default judgment. In making an independent determination, the court may rely on detailed affidavits or documentary evidence.") (citations and internal quotation marks omitted); *I & U Inc v. Publishers Sols. Int'l*, 2013 WL 12155691, *2 (C.D. Cal. 2013) ("Plaintiff has fallen far short of what the Ninth Circuit requires in pursuing a motion for default judgment. . . . While Plaintiff seeks to hold its factual support until oral argument, it is entirely likely that, should this motion come before the Court again, it will be decided without a hearing.").

"[D]efault judgments are ordinarily disfavored," as "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. A party seeking default judgment bears the burden of demonstrating to the Court that the complaint is sufficient on its face and that the *Eitel* factors weigh in favor of granting default judgment. Plaintiff also bears the burden of demonstrating entitlement to the sought amount of damages. *Assaf v. Carp*, 2018 WL 6051514, *1 (C.D. Cal. 2018) ("On a motion for default judgment, Plaintiffs carry the burden of proving up their damages" by providing "detailed affidavits and supporting exhibits."). Plaintiff has made no effort to do so here.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Doc. 17) is denied without prejudice. The motion for hearing (Doc. 18) is denied.

**IT IS FURTHER ORDERED** that Plaintiff file a renewed motion for default judgment within 21 days of the date of this order.

Dated this 27th day of July, 2021.

Dominic W. Lanza
United States District Judge